1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9

10

11

12

13

| | |
|---|---|
| LUIS ENRIQUE VAZQUEZ-HERNANDEZ,<br><br>                                              Petitioner,<br>            v.<br><br>STATE OF NEVADA,<br><br>                                          Respondents. | Case No. 3:14-cv-00344-MMD-VPC<br><br>ORDER |

14

15        This habeas action comes before the Court for initial review.

16        The papers presented are subject to multiple substantial defects.

17        First, petitioner did not properly commence the federal action by either paying the

18    filing fee or submitting a properly completed pauper application. Under Local Rule LSR

19    1-1, a petitioner must use the Court's required pauper application form to seek pauper

20    status. Under Local Rule LSR 1-2, a petitioner must attach both a financial certificate

21    authorized by an appropriate correctional official and a statement of his inmate trust

22    account for the prior six (6) months. Petitioner did not use the required pauper form, and

23    he did not include the required financial certificate.

24        Second, petitioner did not use the required form for a petition challenging a state

25    court conviction. Under Local Rule LSR 3-1, a petitioner seeking to challenge a state

26    court conviction must use the Court's required form for a petition under 28 U.S.C. §

27    2254. Petitioner instead used a form for a motion under 28 U.S.C. § 2255 that would be

28    used by a person seeking to challenge a federal conviction and sentence.

Third, petitioner may not proceed against the only respondent named, the State of Nevada. Petitioner may not bring a civil action in federal court directly against the State of Nevada because of the state sovereign immunity recognized by the Eleventh Amendment, regardless of the relief sought. *E.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984).[1]

Fourth, petitioner otherwise did not name a proper respondent. Petitioner is seeking to challenge a Nevada state justice court misdemeanor conviction on a fully-expired sentence while currently in custody in an Arizona facility apparently for federal immigration authorities. The Court is not called upon to express a definitive opinion as to who the proper respondent should be in that context, as the Court need note here only that petitioner clearly has not named a proper respondent. *See* 1976 Advisory Committee Notes to Rule 2(b) of the Rules Governing Section 2254 Cases (discussing the possible respondents for various possible situations).

Fifth, while petitioner signed the declaration on the pleading that he filed, he did not sign the pleading itself. He must sign both the pleading and the accompanying declaration.

Due to these multiple defects, the pauper application will be denied without prejudice and the petition in this improperly-commenced action will be dismissed without prejudice. It does not appear that a dismissal without prejudice to a new federal action would materially impact adjudication of any issue in a promptly filed new action or otherwise cause substantial prejudice.[2]

---

[1]To the further extent that petitioner names the United States of America as a respondent, he similarly cannot proceed directly against the federal sovereign due to sovereign immunity.

[2]The papers presented and the available online state court records reflect the following. Petitioner challenges his December 5, 2008, state justice court misdemeanor conviction, pursuant to a guilty plea, of possession of drug paraphernalia, in violation of N.R.S. 453.566. Petitioner was sentenced to seven days time served, such that the sentence necessarily was fully expired from the very outset over five years ago. Petitioner did not file an appeal from the conviction.

In 2012, petitioner filed a petition to seal records in the justice court. It appears from the papers presented that the state courts adjudicated the petition as directed to a
*(fn. cont...)*

2

1    It is therefore ordered that the application (dkt. no. 1) to proceed *in forma*

2  *pauperis* is denied without prejudice and that this action shall be dismissed without

3  prejudice.

4    It is further ordered that a certificate of appealability is denied.  Jurists of reason

5  would not find the dismissal of this improperly-commenced action to be either debatable

6  or incorrect, given the multiple substantial defects presented and the absence of any

7  substantial collateral prejudice to petitioner from the dismissal without prejudice.

8

9  *(...fn. cont.)*
justice court conviction based upon a September 27, 2010, guilty plea of misdemeanor
10  domestic battery. (*See* "Addendum C," dkt. no. 1-2, at electronic docketing page 20.)
The state justice court denied the petition and denied petitioner's motion for
11  reconsideration.  The state district court affirmed the denial of the motion for
reconsideration. When petitioner sought to appeal to the Supreme Court of Nevada, that
12  court dismissed the appeal, in No. 64345 in that court, because the denial of a motion
for reconsideration was not appealable under state law and the state district court in any
13  event had final appellate jurisdiction over a case arising in the justice court.
   It thus would appear from the foregoing that it is probable that: (a) there is no
14  federal habeas jurisdiction to collaterally review the December 5, 2008, misdemeanor
conviction because petitioner no longer was in custody under the conviction after the
15  seven-day sentence expired (*see, e.g., Maleng v. Cook*, 490 U.S. 488 (1989)); (b) the
one-year federal limitation period putatively expired on its face over five years ago; and
16  (c) none of the claims in the federal papers challenging the conviction on the merits
have been exhausted by being fairly presented through to a final decision on the merits
17  by the highest court available.
   The Court further notes that, in his federal papers, petitioner seeks to challenge
18  his conviction on the basis that he was not advised of the immigration consequences of
the conviction and thus was denied effective assistance of counsel under the Sixth
19  Amendment. However, the decision that this argument indirectly invokes, *Padilla v.
Kentucky*, 559 U.S. 356 (2010), is not retroactively applicable to convictions that
20  became final prior to the March 31, 2010, date of that decision. (*See Chaidez v. United
States*, 133 S.Ct. 1103 (2013).) Moreover, the minutes from the plea colloquy reflect
21  that petitioner was advised of and waived his right to, *inter alia*, counsel when he
entered his plea to the misdemeanor conviction. (*See* dkt. no. 1-1, at 29.)  While
22  petitioner maintains that the interpreter failed to advise him of the immigration
consequences, it is unlikely that a defendant can waive his right to counsel and then at
23  least successfully complain that he was not properly advised by the interpreter.
   In all events, the dismissal of this improperly-commenced action without
24  prejudice will not materially impact the adjudication of any such issues in a promptly
filed new federal action. The resolution of the foregoing issues will not turn upon the
25  filing date of this particular action under this particular docket number.
   Petitioner also refers to a pending proceeding in No. 11-73907 in the Ninth
26  Circuit. That proceeding appears to be an appeal from a decision of the Board of
Immigration Appeals and thus has no direct relevance to this proceeding or the
27  discussion herein.
   Nothing herein directs petitioner to file any proceeding in any court.
28

3

1    The Clerk of Court shall send petitioner two (2) copies each of a pauper

2  application form for a prisoner and a § 2254 petition form, along with one (1) copy of the

3  instructions for the forms and the papers that he submitted herein.

4    The Clerk shall enter final judgment accordingly, dismissing this action without

5  prejudice.

6    DATED THIS 3rd day of July 2014.

7

8    _____
     MIRANDA M. DU
9    UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28